NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANNA M. BURGOS, : | |
| : | Civil Action No.: 11-6175 (ES) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| BAKERY AND CONFECTIONARY : | |
| UNION AND INDUSTRY : | |
| INTERNATIONAL PENSION : | |
| FUND, et al., : | |
| : | |
| Defendants. : | |

**SALAS, District Judge**

**I.   Introduction**

Defendant Bakery and Confectionary Union and Industry International Pension Fund ("Defendant" or the "Fund") seeks dismissal of Anna Burgos's ("Plaintiff" or "Burgos") Complaint.[1] (Docket Entry No. 5). Plaintiff has not opposed this motion. Notwithstanding that fact, the Court has considered Plaintiff's Complaint as well as Defendant's submission in support of the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion to dismiss is granted.

**II.   Jurisdiction**

Although Plaintiff's Complaint sets forth no specific cause of action, the Court construes Plaintiff's claim as one to recover benefits allegedly due under the terms of an employer-sponsored benefits plan. Thus, this Court has subject matter jurisdiction pursuant to 28

---

[1] Notably, Defendant Maria Alicea has neither filed an answer nor moved to dismiss Plaintiff's Complaint.

U.S.C. §1331 and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

### III. Background

The factual backdrop serving as the impetus for Plaintiff's Complaint can be set forth in short order. Plaintiff alleges that Juan Alicea, her "life partner and [the] father of [her] two children died on March 2011 [sic]." (Complaint at 1).[2] Plaintiff avers that Juan Alicea had a "pension [] at the time of his death," (*ibid.*), which she is entitled to. To that end, Plaintiff seeks "the sum of $ 3,300.00[, which is comprised of the benefit payments] from the months of April 2011 to September 2011," as well as the "remaining monthly payments of $ 550.00 . . . starting on October 1, 2011." (*Id.* ¶¶ 3, 4). Plaintiff also seeks to have Juan Alicea's widow—Maria Alicea—"removed as [the] beneficiary of the pension [because] she is a fraud to the pension fund . . . ." (*Id.* ¶ 6). According to Burgos, Maria Alicea "never took care of [Juan Alicea], never paid for his funeral services[, and] while he was dying at the hospital she went to . . . Peru and only return [sic] to claim the pension." (*Id.* ¶ 3).

On November 9, 2011, the Fund moved to dismiss Plaintiff's Complaint. The Fund's argument for dismissal is twofold. First, Defendant argues that Plaintiff has no plausible claim for benefits because she "is not entitled to the pension she seeks under the unambiguous terms of the Plan." (Def. Moving Br. at 1). Alternatively, the Fund contends that Plaintiff's "Complaint should . . . be dismissed because Plaintiff did not exhaust the Plan's administrative review procedures before commencing this action and, consequently, her suit is premature." (*Ibid.*).

---

[2] The Court's citation is to the summary description of Plaintiff's claim, which is located on the first page of Plaintiff's Complaint.

**IV.     Legal Standard—Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (internal citation omitted). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12 (b)(6) dismissal, a district court must permit a curative amendment, unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally as [s]he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

With this legal framework in mind, the Court next addresses Defendant's motion.

**V.     Analysis**

The Court, as a preliminary matter, must determine whether it can entertain Plaintiff's Complaint, which, as previously stated, is pleaded as a violation of ERISA.

It is well settleded that "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (internal citation and quotation marks omitted). "Courts require exhaustion of administrative remedies to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Ibid.* (internal citation and quotation marks omitted).

In light of this precedent, the Fund argues that Plaintiff's claim must be dismissed because "Plaintiff has not exhausted the Plan's [mandatory claims] procedures" before commencing this action. (Def. Moving Br. at 9).

Based upon its review of the record, this Court agrees. The law is clear "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow*, 279 F.3d at 249. In this case, the procedure for filing claims for benefits and exhausting remedies available under the Plan is well defined in Section 8.05 of the Fund's Plan Description. (*See* Def. Moving Br., Exhibit A at 29). First, "[a] Participant, Beneficiary, or *other person* who claims entitlement to benefits shall make a written application for benefits to the Fund office . . . [which] shall [be] act[ed] upon . . . within 90 days after the date on which the claim is filed." (*Ibid.*) (emphasis added). "If the claim is denied, in whole or in part, written notice, prepared in a manner calculated to be understood by the claimant, shall be provided to the claimant, setting forth the specific reason for the denial . . . ." (*Ibid.*). Thereafter, "[a]ny claimant whose claim is denied may, within 180 days after receipt of written notice of such denial, request in writing a review by the Appeals Committee of the Board of Trustees. . . ." (*Id.* at 30). The Appeals Committee's decision "shall be communicated to the claimant as soon as possible . . . [and t]he notice of the Appeals Committee's decision shall contain . . . a description of the specific reason or reasons for the decision, reference to the specific plan provisions on which the decision was based . . . , and a statement of the claimant's right to bring an action under ERISA." (*Ibid.*). The plan explicitly provides that "*[a] claimant may not file any civil action in federal or state court to obtain benefits without first requesting a review [from the Appeals Committee]*." (*Id.* at 30) (emphasis added).

Despite the clarity of the Plan's claim procedures, as well as the apparent prohibition on filing suit before requesting review from the Appeals Counsel, it does not appear that Plaintiff exhausted the Plan's administrative review procedures before filing the present lawsuit. In other

words, the record is devoid of any evidence suggesting that Burgos filed a written application with the Fund and requested a review of the Fund's decision from the Appeals Committee. For that reason, the Court finds that Plaintiff has failed to exhaust the administrative remedies provided by the Plan. Consequently, Plaintiff's Complaint is premature and shall be dismissed. *See LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 258 (2008) (noting that a claimant must "exhaust the administrative remedies mandated by ERISA . . . before filing suit"); *Harrow*, 279 F.3d at 249 ("Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan."); *Cornejo v. Horizon Blue Cross/Blue Shield of N.J.*, No. 11-7018, 2012 U.S. Dist. LEXIS 28654, at *9 (D.N.J. Mar. 5, 2012) ("Indeed, the Complaint does not plead that Plaintiff utilized the required appeals process set forth in the Plan. In light of Plaintiff's failure to exhaust the administrative remedies provided by the Plan, her cause of action under . . . ERISA is barred."); *Grant-Bullens v. N.J. Bldg. Laborers Statewide Annuity Fund*, No. 09-5363, 2011 U.S. Dist. LEXIS 12324, at *6 (D.N.J. Feb. 8, 2011) ("Before bringing a civil action under § 502(a)(1)(B), a plaintiff must first exhaust the remedies available under the plan."); *Van Doren v. Capital Research & Mgmt. Co.*, No. 10-1425, 2010 U.S. Dist. LEXIS 138194, at *22 ("[Plaintiff] cannot bypass the administrative process and seek judicial relief . . . .").[3]

---

[3] Having determined that dismissal is appropriate under Defendant's alternative argument, the Court need not determine whether Plaintiff has stated a claim to relief that is plausible on its face.

**VI.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint is granted. Plaintiff shall have thirty days to file an amended complaint to cure the deficiencies noted above. That is, Plaintiff shall demonstrate to the Court that she has exhausted the Plan's administrative review procedures. An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
